## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>DAVID QUICHOCHO UNCANGCO, JR.<br>FRANCES JANET SAHAGON CRUZ,<br><br>Defendants. | CRIMINAL CASE NO. CF0557-24<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 12, 2025, for hearing on Defendant Frances Janet Sahagon Cruz's ("Cruz") Motion to Reconsider to the Denial of Her Motion to Disqualify Special Assistant Attorney General Curtis Van de veld. Present were Cruz with counsel, Terry E. Timblin, Co-Defendant David Quichocho Uncangco, Jr. ("Uncangco") with counsel, Assistant Alternate Public Defender Tyler Scott, and Assistant Attorney General Dante CH Harootunian on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendants face charges stemming from alleged events occurring between March and June of 2024. (Superseding Indictment, Oct. 1, 2024). Uncangco is charged with (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Retail Theft (As a Second Degree Felony) – Four Counts; (3) Attempted Theft by Receiving (As a Third

*People v. Uncangco & Cruz*
Case No. CF0557-24
Decision and Order

Degree Felony) – Two Counts; (4) Fraudulent Use of a License Plate (As a Third Degree Felony); (5) Witness Bribery (As a Third Degree Felony); and (6) Tampering with a Witness. *Id.* Cruz is charged with (1) Conspiracy to Commit Theft by Receiving (As a Second Degree Felony); (2) Witness Bribery (As a Third Degree Felony); and (3) Conspiracy in Tampering with a Witness (As a Misdemeanor).[1] *Id.*

On February 24, 2025, the Court denied the defendants' Motion to Disqualify Curtis C. Van De veld as Special Assistant Attorney General, finding that they did not have standing to bring the Motion under Guam Rules of Professional Conduct Rule 1.7 because no attorney/client relationship existed between the defendants and Attorney Van de veld. *See* Dec. & Order, Feb. 24, 2025.

On June 30, 2025, Cruz filed a Motion to Reconsider the Denial of Her Motion to Disqualify Special Assistant Attorney General Curtis Van de veld ("Motion to Reconsider"). On July 16, 2025, the Government filed its Opposition. On July 23, 2025, Cruz filed her Reply.

On August 12, 2025, the Court heard arguments on the Motion to Reconsider. At the hearing, Uncangco orally joined the Motion to Reconsider. After hearing arguments from the parties, the Court placed the matter under advisement.

## DISCUSSION

The Local Rules of the Superior Court of Guam provide that a motion may be renewed only on the grounds of:

(1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

---

[1] These charges are reflected as Charges Seven through Nine of the Superseding Indictment.

Local Rule CR1.1(d).

Here, defendants move the Court to reconsider its February 24, 2025 Decision and Order pursuant to CR1.1(d)(2). Defendants argue that since the Decision issued, new evidence has emerged, specifically, the disclosure of the Contract between the Office of the Attorney General and Attorney Van de veld ("the Contract"). (Mot. Reconsider at 2, Jun. 30, 2025). Further, on June 23, 2025, Judge John Terlaje issued a decision in *People v. Reyes,* Criminal Case No. CF0723-24-01, requiring the disqualification of Attorney Van de veld from prosecuting that case in light of the Contract. *See* Mot. Reconsider, Exh. B (Dec. & Order in CF0723-24-01, Jun. 23, 2025). The Government opposes, arguing that (1) the motion fails to state a reason for reconsideration; (2) Judge Terlaje's decision is no longer applicable because the language found to require disqualification in the Contract no longer exists pursuant to a First Amendment to the Contract; (3) Judge Terlaje's decision was erroneous; (4) Cruz cannot claim efforts to resolve charges have not been undertaken; (5) the procedural history of *Reyes* is distinguishable from the instant matter; and (6) the Court should not engage in a fishing expedition as to the confidential relationship between the OAG and SAAG as no standing exists for such inquiry and it is irrelevant. *See generally,* Opp'n, Jul 16, 2025.

In *People v. Reyes*, Judge Terlaje granted the Motion to Disqualify based on (1) Attorney Van de veld's financial interest in bringing cases to trial pursuant to the Contract and (2) Attorney Van de veld's presentation of evidence during grand jury proceedings in that matter. *See generally,* Mot. Reconsider, Exh. B. There is no allegation in the instant matter that Attorney Van de veld participated in grand jury proceedings or in the charging of this case. Accordingly, the Court's review is limited to whether or not the provisions in the Contract require Attorney Van de veld's disqualification from this matter.

Section 3 of the Contract sets forth in relevant part the following:

3.1 The OAG agrees to compensate LEGAL CONSULANT at a rate of three thousand and 00/100 dollars ($3,000.00) per month per assigned case for providing the services set forth in Section 1. The OAG agrees to compensate LEGAL CONSULTANT twelve thousand and 00/100 dollars ($12,000.00) in any month in

which LEGAL CONSULTANT is trying a case, regardless of what other cases may be assigned to LEGAL CONSULTANT.

3.2 In any particular month, LEGAL CONSULTANT agrees that their entire compensation for any and all matters shall not exceed twelve thousand and 00/100 dollars ($12,000.00) a month. LEGAL CONSULTANT shall be responsible for all resulting taxes, insurance costs; and other fees associated with the practice of law. A quality control assessment of the work product will be reviewed and approved by the Appointing Authority or other designee before payment is made on the contract.

(Mot. Reconsider, Exh. A). Judge Terlaje found that based on the Contract, "Mr. Van de veld has a financial interest in bringing cases where he acts as special prosecutor to trial" as "this contract promises a possibility of an additional $9,000 in the event that Mr. Van de veld takes a case to trial." (Mot. Reconsider, Exh. B). Judge Terlaje determined that "[t]his personal, financial interest in taking cases to trial necessarily conflicts with the notion of pursuing justice, which is the role of a prosecutor." *Id.*

Since Judge Terlaje's Decision issued, the Contract between Attorney Van de veld and the Office of the Attorney General was amended as follows:

Sections 3.1 and 3.2 of the Agreement are deleted in their entirety and replaced with the following:

3.1 The OAG agrees to compensate LEGAL CONSULTANT at a rate of $12,000.00 per month for services rendered. The services to be rendered by LEGAL CONSULTANT are more completely described in Section 1.1 of the Agreement. LEGAL CONSULTANT is responsible for all resulting taxes, insurance costs, and other fees associated with the practice of law. The Attorney General or his designee may propose assignment of any case to Attorney and Attorney agrees to accept assignment to cases or other duties as may be assigned to Attorney by Appointing Authority or his designee, for which Attorney does not believe an ethical conflict exists, or otherwise causes an ethics compliance issue.

(Opp'n, Exh. 1). The Government sets forth that "[w]hile not concurring in the decision of Judge Terlaje in CF0734-24-01, the parties determined to amend the contractual relationship to remove the language that Judge Terlaje determined created a financial incentive to take cases to trial" and that "[b]ased on these changed circumstances, the grounds for disqualification no longer exist as determined by Judge Terlaje." (Opp'n at 3).

At this time, the Court also finds that the changed circumstances have removed the ground for disqualification that was previously determined by Judge Terlaje. The current state of the Contract as amended does not present a financial incentive for Attorney Van de veld to take cases to trial. Defendants do not provide any additional authority beyond Judge Terlaje's Decision and Order to support their Motion. Therefore, the Court finds no basis to grant the Motion for Reconsideration on this ground.

Lastly, Cruz also argues that Attorney van de veld's "approach to this case also reflects a lack of interest in settlement. . . . He makes it clear that he is not making an offer and invites CRUZ to plead guilty as charged." (Mot. Reconsider at 4). In response, the Government sets forth the efforts it's made to resolve the instant matter and Cruz's other criminal matter, CF0478-24.[2] (Opp'n at 5). The Government further states that "[u]nder the polices of the OAG and my employment relationship with the OAG, I do not exercise the discretion to approve a plea offer without following the internal processes of the OAG. Those decisions are made to either approve or disprove of a plea offer disposition and determine whether or not the case will result in trial. Those decisions are not the purview of SAAG to make." *Id* at 6. The Court further notes that under Guam law:

> The attorney for the government and the attorney for the defendant or the defendant when acting pro se *may* engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions.

9 GCA § 60.80(a) (emphasis added). Accordingly, the Court declines at this time to further address either party's pre-disposition for plea negotiations or settlement.

//

//

---

[2] In Criminal Case No. CF0478-24, both defendants are charged with several felony offenses occurring on or about July 6, 2024, including the death of Joshua Taitague. *See* Indictment (CF0478-24), Jul. 18, 2024.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Motion for Reconsideration. Parties shall return for a Status Hearing on November 10, 2025 at 3:30 p.m.

**IT IS SO ORDERED** this 4TH day of November, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

I acknowledge that an electronic
Copy of the original was e mailed to

AG, APD,

Timblin

Date 11/04/25 Time. 11:17am

Albert Calde an

Deputy clerk, Superior Court of Guam

*People v. Uncangco & Cruz*
Case No. CF0557-24
Decision and Order